IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. CV 15-0673 MV/SMV
                                                        CR 03-0477 MV

ERIC LAMONT JOHNSON,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 296) filed on July 31, 2015.  On January 26, 2009, this Court entered judgment (CR Doc. 224) on Defendant's conviction, and on April 27, 2010, the Court of Appeals for the Tenth Circuit affirmed the judgment (CR Doc. 256).  He did not seek certiorari, and thus his conviction became final in late July, 2010.  *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that conviction becomes final ninety days after court of appeals affirms).

Defendant was convicted under 18 U.S.C. § 924(c)(1)(A) for possession of a firearm during or in relation to a drug trafficking crime.  (CR Doc. 224.)  He was sentenced as a career offender because he "ha[d] at least two prior felony convictions for crimes of violence."  (CR Doc. 235 at 2-4.)  He asserts in his § 2255 motion that, under the Supreme Court's recent decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), he is actually innocent of one of the underlying crimes and that the *Johnson* decision constitutes new evidence that the career offender enhancement was erroneously applied.  Defendant asks to be immediately released.

Defendant had filed four § 2255 motions before he filed this one.  He filed his first § 2255

motion (CR Doc. 257) on January 12, 2011, which the Court denied on the merits (CR Doc. 270). The Court of Appeals dismissed his appeal of that ruling (CR Doc. 278). Defendant then filed a Rule 60(b) motion (CR Doc. 279) on November 6, 2013, again challenging his conviction and sentence and seeking immediate release. The Court treated the Rule 60(b) motion as a second § 2255 motion and dismissed it for lack of jurisdiction (CR Doc. 280). On August 1, 2014, Defendant filed a Subsequent Motion Invoking the Power of U.S.C. 2255(f)(4) (Doc. 283), which the Court also treated as a § 2255 motion and dismissed for lack of jurisdiction (Doc. 284). The Court of Appeals dismissed his appeal of that ruling (CR Doc. 295). On February 27, 2015, Defendant filed a fourth § 2255 motion (CR Doc. 293), again challenging his conviction.

Although Defendant's conviction became final in 2010, he contends that his § 2255 motion is timely under the provisions of § 2255(f)(3)-(4). Before Defendant's timeliness issue is addressed, however, his motion faces the initial hurdle of the statutory restriction on second or successive motions. *See* § 2255(h). As the Court of Appeals stated in an earlier proceeding brought by this Defendant, "He points out that he is relying on § 2255(f)(4). But § 2255(f) does not allow him to evade § 2255(h)'s restrictions. Rather, he must meet *both* subsections' requirements." *United States v. Johnson*, 594 F. App'x 557, 558 (10th Cir. 2015) (citing *Prost v. Anderson*, 636 F.3d 578, 591 (10th Cir. 2011)). His current motion is clearly a second or successive collateral attack on his sentence that--timely or not--may not be adjudicated without certification from the Tenth Circuit. *See* § 2255(h).

Because Defendant's motion has not been certified, it will be dismissed for lack of jurisdiction.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer

2

> the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).   One of the factors that a district court should consider in determining whether to transfer or dismiss an initial pleading is whether the Defendant's claims "are likely to have merit."  *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006).  As pertinent here, "[t]he Supreme Court has not held in one case, or in a combination of holdings that dictate the conclusion, that the new rule of constitutional law announced in *Johnson* is retroactive to cases on collateral review."  *In re Gieswein*, --- F.3d ---, 2015 WL 5534388, at *5 (10th Cir. Sept. 21, 2015) (per curiam).   Because the Supreme Court and the Tenth Circuit have ruled that the decision in *Johnson v. United States* does not provide grounds for a second or successive § 2255 motion, Defendant's claims are meritless.   Under the rule in *Cline* the Court will dismiss Defendant's § 2255 motion for lack of jurisdiction.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has, again, failed to make a substantial showing that he has been denied a constitutional right.   The Court will therefore, again, deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 296) filed on July 31, 2015, is DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE